IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SCHLEGEL and KELLY SCHLEGEL,** : | **CIVIL ACTION NO. 1:05-CV-0660** |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| v. : | |
| **WILSON-COOK MEDICAL, INC.,** : | |
| **Defendant** : | |

## ORDER

AND NOW, this 1st day of March, 2006, upon consideration of defendant's unopposed motion for leave to join third-party defendants (Doc. 12), see FED. R. CIV. P. 14(a) ("[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."), and it appearing that the court issued a case management order on June 14, 2005 setting the above-captioned case for trial (see Doc. 10) and defendant answered the complaint on June 2, 2005 (see Doc. 6), see L.R. 14.1 ("A motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur."), and the court finding that defendant has demonstrated good cause for the delay in seeking to join

third-party defendants,[1] see L.R. 14.3 ("The provisions of [Local Rule 14.1] may be suspended upon a showing of good cause."), and that the joinder of the third-party defendants involves claims with the same or substantially similar evidence, will not prejudice plaintiff, will reduce the need for further litigation, and may not result in trial delay, see, e.g., Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F. Supp. 701, 703-04 (E.D. Pa. 1989) ("In exercising its discretion [to permit the filing of a third-party complaint], the court should consider (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead. . . . [T]he purpose of [joining third-party defendants] is to reduce the multiplicity of litigation . . . ."), it is hereby ORDERED that:

1. The motion for leave to join third-party defendants (Doc. 12) is GRANTED.  See FED. R. CIV. P. 14(a).

2. The Clerk of Court is directed to remove the proposed document (Doc. 12, Ex. B) from the docket in this case, file it as a third-party complaint as of the date of this order, amend the docket to reflect the parties named therein, and issue a summons.

3. Defendant shall serve, on or before March 17, 2006, the summons and third-party complaint on the third-party defendants in the manner specified in Rule 4 of the Federal Rules of Civil Procedure.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Defendant was unable to identify the relevant parties to join earlier because of the voluminous medical records relating to plaintiffs' claims.