## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES SCHLEGEL and** | : | **CIVIL ACTION NO. 1:05-CV-0660** |
| **KELLY SCHLEGEL,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WILSON-COOK MEDICAL, INC.,** | : | |
| | : | |
| **Defendant/Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A. DAVID FROEHLICH, M.D., et al.,** | : | |
| | : | |
| **Third-Party Defendants** | : | |

### <u>MEMORANDUM</u>

Presently before the court are two motions (Docs. 19, 22), filed by third-party defendants A. David Froehlich, M.D., ("Dr. Froehlich"), Heritage Medical Group, L.L.P. ("Heritage"), Susquehanna Surgeons, LTD., ("Susquehanna"), and Holy Spirit Hospital ("Holy Spirit") to dismiss the third-party complaint filed by defendant Wilson-Cook Medical, Inc. ("Wilson-Cook"). For the reasons that follow, the motions will be denied.

I.   **Statement of Facts**[1]

Plaintiff James Schlegel ("Mr. Schlegel") was admitted to Holy Spirit on April 3, 2003 with complaints of epigastric pain, nausea, and jaundice. (Doc. 1 ¶ 6.) Mr. Schlegel was diagnosed with obstructive jaundice with evidence of multiple gallstones and probable fatty liver. (Doc. 1 ¶¶ 7-8.) He was scheduled to undergo an endoscopic retrograde cholangiopancreatography ("ERCP") with possible biliary sphincterotomy and gallstone extraction on April 4, 2003 by Christopher Furlong, M.D. ("Dr. Furlong"). (Doc. 15 ¶ 14.) Dr. Furlong attempted to do the ERCP on April 4, 2003. However, conscious sedation and IV Propofol sedation failed and the surgery was terminated and rescheduled to April 5, 2003. (Doc. 15 ¶¶ 15, 16.) Dr. Karen Kormis ("Dr. Kormis") performed the ERCP on April 5, 2003. (Doc. 1 ¶ 8.) During the procedure, Dr. Kormis attempted to use a UTS-30 sphincterotome manufactured by Wilson-Cook, but the device was allegedly not functioning properly. (Doc. 1 ¶¶ 10-12.) Dr. Kormis therefore used another sphincterotome and completed the procedure. (Doc. 1 ¶ 12.) The operative procedure note indicates the sphincterotomy was successful and Mr. Schlegel had no immediate complications. (Doc. 15 ¶ 25.)

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See FED. R. CIV. P. 12(b)(6); Empire Kosher Poultry, Inc. v. United Food & Comm'l Workers Health & Welfare Fund of N.E. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the allegations of the complaint.

Mr. Schlegel was then scheduled to undergo laparoscopic cholecystectomy (gallbladder removal) performed by Dr. Froehlich on April 6, 2003. (Doc. 15 ¶ 26.) An April 5, 2003 progress note states that if Mr. Schlegel's amylase and lipase levels were elevated on the morning of April 6, 2003, surgery should be postponed. (Doc. 15 ¶ 28.) Despite high amylase and lipase levels, Dr. Froehlich performed the laparoscopic cholecystectomy on the morning of April 6, 2003. (Doc. 15 ¶¶ 29, 30.) After the surgery, Mr. Schlegel experienced nausea, dehydration, a distended and tender abdomen, intestinal obstruction, and tachychardia. (Doc. 15 ¶ 31.) Two days after the surgery, Mr. Schlegel was diagnosed with pancreatitis. (Doc. 15 ¶ 32.) After a few weeks, he developed necrotic pseudocysts. (Doc. 15 ¶ 32.)

The instant action was commenced on April 1, 2005. (<u>See</u> Doc. 1.) Plaintiffs allege Wilson-Cook was negligent in the manufacture and distribution of the sphincterotome, Wilson-Cook breached express and implied warranties by delivering a defective product, and such negligence was the direct cause of plaintiffs' harm. (Doc. 1 ¶¶ 20-26.) Wilson-Cook filed an answer to the complaint with affirmative defenses on June 2, 2005. (Doc. 6.) Wilson-Cook subsequently filed a third-party complaint on March 1, 2006, naming Dr. Froehlich, Heritage, Susquehanna, and Holy Spirit as third-party defendants. (<u>See</u> Doc. 15.) The third-party complaint sets forth negligence claims against Dr. Froehlich, Heritage, Susquehanna, and Holy Spirit. (Doc. 15 at 7-15.) Specifically, the pleading alleges that Dr. Froehlich was negligent and breached the duty of care owed to Mr. Schlegel by failing to exercise or apply the skills, training, and knowledge other

3

physicians would have exercised in the same or similar circumstances.  (See Doc. 15 at 7-8.)  The pleading also alleges that Heritage, Susquehanna, and Holy Spirit are liable for the negligent acts committed by Dr. Froehlich.[2]  (See Doc. 15 at 9-15.)  The pleading requests judgment against third-party defendants for all sums that may be adjudged against Wilson-Cook in favor of plaintiffs, including costs and attorneys' fees, and "such other relief that the Court deems appropriate."  (Doc. 15.)

On March 22, 2006, Holy Spirit filed a motion to dismiss Wilson-Cook's third-party complaint, and a brief in support thereof.  (See Docs. 19 and 20.)  Holy Spirit argues that all claims against it should be dismissed because the claims are precluded by the statute of limitations, Wilson-Cook failed to allege sufficient facts to establish that Holy Spirit is a joint tortfeasor with Wilson-Cook to support a claim for contribution or apportionment, and Wilson-Cook did not show good cause to suspend Local Rule 14.1. (See Doc. 20 at 6-13.)  On March 28, 2006, Dr. Froehlich, Heritage, and Susquehanna filed a motion to dismiss Wilson-Cook's third-party

---

[2] In addition, the pleading alleges that Heritage and Susquehanna are liable for corporate negligence in that they breached the duty of care owed to Mr. Schlegel by (1) failing to select and retain only competent physicians and nurses, (2) failing to oversee, supervise, and train all persons who practice medicine within its walls as to patient care, (3) failing to formulate, adopt, and enforce adequate rules and policies to ensure quality care for its patients, and (4) failing to provide adequate and competent medical care and treatment to those individuals receiving medical care and treatment by and through the medical care practices. (See Doc. 15 at 9-15.)  Third-party defendants filed motions to dismiss the corporate negligence claims.  (Docs. 44, 46.)  Wilson-Cook subsequently filed notices of voluntary dismissal of the corporate negligence claims—Counts III, V, and VII of the third-party complaint.  (Docs. 47, 50.)  Thus, the court denied the motions to dismiss as moot.  (See Docs. 48, 51.)

complaint, and a brief in support thereof.  (Docs. 22 and 23.)  Dr. Froehlich,

Heritage, and Susquehanna argue that all claims against them should be dismissed

because Dr. Froehlich and Wilson-Cook are not joint tortfeasors and joinder of the

medical providers defeats the purpose of Rule 14.  (See Doc. 23 at 5-15.)  The

motions have been fully briefed and are ripe for disposition.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims

that fail to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as

true all of the factual allegations in the complaint and all reasonable inferences that

can be drawn therefrom.  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d

Cir. 2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court

is generally limited in its review to the face of the complaint, it "may also consider

matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case."  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>,

38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec.</u>

<u>Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively

every aspect of their claims, but only to present sufficient facts to allow the

opposing party to conduct discovery and prepare a defense.  <u>See</u> FED. R. CIV. P. 8(a)

(stating that the complaint should include "a short and plain statement of the claim

showing that the pleader is entitled to relief"); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S.

41, 45-46 (1957).  Thus, courts should not dismiss a complaint for failure to state a

claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Id.; see Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 514 (2002).  Under this liberal pleading policy, courts

should generally grant plaintiffs leave to amend their claims before dismissing a

complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293

F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   Discussion

### A.   Joint Tortfeasor and Contribution Claims

Third-party defendants argue that Wilson-Cook failed to allege sufficient

facts to establish that they are joint tortfeasors with Wilson-Cook to support a claim

for contribution or apportionment.  (See Doc. 20 at 6; Doc. 23 at 5.)

Federal Rule of Civil Procedure 14(a) states as follows:

> [A] defending party, as a third-party plaintiff, may cause a summons and
> complaint to be served upon a person not a party to the action who is or may
> be liable to the third-party plaintiff for all or part of the plaintiff's claim
> against the third-party plaintiff.

FED. R. CIV. P. 14(a).

Pursuant to Pennsylvania law,[3] a right to contribution arises only among joint

tortfeasors (i.e., "two or more persons jointly or severally liable in tort for the same

injury to persons or property, whether or not judgment has been recovered against

---

[3] Jurisdiction over the instant action is based on diversity of citizenship, see
28 U.S.C. § 1332, and neither party disputes the applicability of Pennsylvania law to
plaintiffs' claims, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938).

all or some of them"). 42 PA. CONS. STAT. ANN. § 8322.  The Uniform Contribution

Among Tortfeasors Act provides that the right of contribution exists among joint

tortfeasors.  Id. § 8324(a).  "Where a defendant has been held jointly and severally

liable . . . and discharges by payment more than that defendant's proportionate

share of the total liability, that defendant is entitled to recover contribution from

defendants who have paid less than their proportionate share."  Id. § 7102(b.1)(4);

see also Exxonmobile Oil Corp. v. Lucchesi, No. Civ.A. 03-1625, 2004 WL 1699203

(E.D. Pa. July 29, 2004).

In discussing joint tortfeasors, the Pennsylvania Superior Court stated, "[i]f

the tortious conduct of two or more persons causes a single harm which cannot be

apportioned, the actors are joint tortfeasors *even though they may have acted*

*independently*."  Neal v. Bavarian Motors, Inc., 882 A.2d 1022, 1028 (Pa. Super. Ct.

2005) (emphasis added); see also Capone v. Donovan, 480 A.2d 1249, 1251 (Pa.

Super. Ct. 1984).[4]  A joint tort is "where two or more persons owe to another the

same duty and by their common neglect such other is injured."  Neal, 882 A.2d at

1028.  Further, "[m]ost personal injury cases are by their very nature incapable of

division."  Id.; see also Capone, 882 A.2d at 1251.

In the matter *sub judice*, Wilson-Cook manufactured the allegedly defective

sphincterotome used during Mr. Schlegel's April 5, 2003 ERCP procedure.  Dr.

---

[4] See also BLACK'S LAW DICTIONARY 1661 (4th ed. 1966) (providing that to be a joint tortfeasor "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury"); St. Thomas v. Harrisburg Hosp., 108 F.R.D. 2, 4 (M.D. Pa. 1985).

Froehlich performed the laparoscopic cholecystectomy on April 6, 2003, less than

twenty-four hours after the ERCP procedure.  Subsequent to the ERCP procedure,

Mr. Schlegel experienced nausea, dehydration, a distended and tender abdomen,

intestinal obstruction, and tachycardia.  In the days and weeks after the surgery,

Mr. Schlegel was diagnosed with pancreatitis and he developed necrotic

pseudocysts.  The procedures produced the same injuries.  Both the ERCP and

laparoscopic cholecystectomy were performed to treat Mr. Schlegel's obstructive

jaundice and gallstones.  Wilson-Cook and third-party defendants owed the same

duty of care to Mr. Schlegel.

Third-party defendants rely on <u>St. Thomas v. Harrisburg Hospital</u>, 108 F.R.D.

2 (M.D. Pa. 1985), to argue that they are not joint tortfeasors with Wilson-Cook.[5]

(Doc. 20 at 7; Doc. 23 at 5.)  However, <u>St. Thomas</u> is distinguishable.  In <u>St. Thomas</u>,

the third-party defendant was the operator of the motor vehicle, the first tortfeasor,

---

[5] In <u>St. Thomas</u>, third-party defendant Stephen St. Thomas, filed a motion to dismiss alleging that he was not a joint tortfeasor with defendants.  <u>St. Thomas</u>, 108 F.R.D. at 3.  Plaintiff, Terri St. Thomas, suffered a head injury sustained in a motor vehicle accident in a car operated by her husband, third-party defendant Stephen St. Thomas.  Plaintiff was admitted to the Harrisburg Hospital and treated by defendants.  Plaintiff alleged that she was not treated properly and as a result suffered irreversible brain injury.  Defendants filed a third-party complaint against Stephen St. Thomas alleging that he caused or contributed to plaintiff's injuries.  The court ultimately determined that the joinder of Stephen St. Thomas was improper and granted his motion to dismiss.  <u>Id.</u>  The court in <u>St. Thomas</u> stated that parties are not joint tortfeasors if "(1) the negligence of each offending party is severable as to time, (2) neither could guard against the acts of the other, and (3) each owed a different duty to the plaintiff."  <u>Id.</u>  As discussed <u>infra</u>, Wilson-Cook and the third-party defendants owed the same duty to Mr. Schlegel and, therefore, do not satisfy the <u>St. Thomas</u> test.

whose negligence caused the *initial* injury requiring medical attention.  The subsequent necessary medical treatment caused a *worse* or *new* injury.  In the instant case, the third-party defendants are the doctor, hospital, and physician practice groups.  The third-party defendants owe the same duty to Mr. Schlegel as Wilson-Cook.  Wilson-Cook's allegedly defective sphincterotome did not require Dr. Froehlich's gallbladder surgery.  Dr. Froehlich was scheduled to perform the gallbladder surgery regardless of the malfunctioning sphincterotome.  Mr. Schlegel's injuries include pancreatitis and multi-organ failures.  Thus, although third-party defendants may have acted independently of Wilson-Cook, they nevertheless may be considered joint tortfeasors with defendant Wilson-Cook.  Accordingly, the court will deny the motions to dismiss on this ground.

### B.   <u>Statute of Limitations Claim</u>

Section 5524(2) of Title 42 of the Pennsylvania Consolidated Statutes offers private citizens a means to redress violations of federal law by state officials.  <u>See</u> 42 PA. CONS. STAT. ANN. § 5524(2).  The statute provides, in pertinent part, as follows:

> The following actions and proceedings must be commenced within two years: (2) An action to recover damages for injuries to the person... caused by the wrongful act or neglect or unlawful violence or negligence of another.

<u>Id.</u>

In the instant case, Wilson-Cook concedes the statute of limitations bars it from bringing any direct claims for negligence against Holy Spirit.  (<u>See</u> Doc. 31 at 13-16.)  However, Wilson-Cook does not assert any direct claims of negligence

against Holy Spirit.  Rather, Wilson-Cook asserts claims of contribution against

Holy Spirit.  (<u>See</u> Doc. 31 at 13-16.)  The third-party complaint states:

> [i]f Wilson-Cook is determined to be liable to Plaintiffs, which liability
> Wilson-Cook specifically denies, the Hospital is jointly and severally liable
> with Wilson-Cook to the Plaintiffs by way of contribution and/or
> apportionment based on respective degrees of fault, for all such damages.

(Doc. 15 ¶ 67.)  With respect to Dr. Froehlich, the third-party complaint alleges the

same contribution claim.  (<u>See</u> Doc. 15 ¶ 45.)

    The statute of limitations for a contribution claim is governed by Section 5527

of Title 42 of the Pennsylvania Consolidated Statutes.  <u>See</u> 42 Pa. Cons. Stat. Ann.

§ 5527(b).  Section 5527(b) states:  "Any civil action or proceeding which is neither

subject to another limitation specified in this subchapter nor excluded from the

application of a period of limitation by section 5531 (relating to no limitation) must

be commenced within six years."  <u>Id.</u>  A claim for contribution therefore does not

accrue until the claimant has paid, or been held liable for, more than his or her

share of a common liability.  <u>See</u> <u>Sea-Land Service, Inc. v. U.S.</u>, 874 F.2d 169, 173

(3d Cir. 1989); <u>Pa. Nat'l Mutual Cas. Insur. Co. v. Nicholson Constr. Co.</u>, 542 A.2d

123, 126 (Pa. Super. Ct. 1988).

    In the matter *sub judice*, the cause of action accrued on April 5, 2003.  (<u>See</u>

Doc. 1 ¶ 8.)  Plaintiffs filed their complaint against Wilson-Cook on April 1, 2005.

(Doc. 1.)  Wilson-Cook filed the third-party complaint on March 1, 2006.  (Doc. 15.)

Holy Spirit concedes, "the applicable statute of limitations will not bar the joinder

of third-party defendants for contribution." (Doc. 20 at 6.) Wilson-Cook asserts

contribution claims against third-party defendants. Thus, the filing of the third-

party complaint is within the statute of limitations. Accordingly, the court will deny

Holy Spirit's motion to dismiss on this ground.

### C.   **Rule 14.1 Claim**

Third-party defendants allege that the court erred in finding that Wilson-

Cook demonstrated good cause for its delay in seeking to join third-party

defendants. (See Doc. 20 at 11-13.) As previously stated, Federal Rule of Civil

Procedure 14(a) provides, in pertinent part, as follows:

> [A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

FED. R. CIV. P. 14(a).

Local Rule 14.1 states, "[a] motion by a defendant for leave to join a third-

party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months

after an order has been entered setting the case for trial, or within six (6) months

after the date of service of the moving defendant's answer to the complaint,

whichever shall first occur." L.R. 14.1. In the instant matter, the court issued a

11

case management order on June 14, 2005 setting the above-captioned case for trial
(Doc. 10) and defendant answered the complaint on June 2, 2005 (Doc. 6).

Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F. Supp. 701, 703-04
(E.D. Pa. 1989), provides, "[i]n exercising its discretion [to permit the filing of a
third-party complaint], the court should consider (1) the possible prejudice to the
plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and
(4) timeliness of the motion to implead. . . . [T]he purpose of [joining third-party
defendants] is to reduce the multiplicity of litigation . . . ."  The court found that
Wilson-Cook demonstrated good cause for the delay in seeking to join third-party
defendants,[6] see L.R. 14.3 ("The provisions of [Local Rule 14.1] may be suspended
upon a showing of good cause."), and that the joinder of the third-party defendants
involves claims with the same or substantially similar evidence, will not prejudice
plaintiff, will reduce the need for further litigation, and may not result in trial delay.
See Con-Tech Sales, 715 F. Supp. at 703-04; see also Roberts v. Leasure, No. 05-
3495, 2006 WL 1967335 (E.D. Pa. July 11, 2006).  Thus, the court granted leave to join
the third-party defendants by order dated March 1, 2006.  (Doc. 14.)

Holy Spirit asserts that Wilson-Cook could have easily named it as a third-
party defendant.  (See Doc. 20 at 13.)  Holy Spirit argues the medical records are
limited to Mr. Schlegel's chart from Holy Spirit, which is by no means voluminous.
(See Doc. 20 at 13, Exhibit "A".)  However, Wilson-Cook verified that it also received

---

[6] Defendant was unable to identify the relevant parties to join earlier because
of the voluminous medical records relating to plaintiffs' claims.

2,589 pages of medical records from Mr. Schlegel's three-month hospital stay at Hershey Medical Center.  (See Doc. 31 at 20, Exhibit "B".)  Wilson-Cook also received medical records from Dr. Kormis, and subpoenaed 2,144 pages of medical records from Hershey Medical Center.  (See Doc. 31 at 20-21, Exhibit "B".)

Third-party defendants cannot now assert that the court erred in granting defendant's motion to extend Local Rule 14.1.  The court granted Wilson-Cook's motion for leave to join third-party defendants with full knowledge of the requirements of Local Rule 14.1.  See Pa. Real Estate Inv. Trust v. SPS Techs., Inc. v. Kulicke & Soffa Indus, No. 94-CV-3154, 1995 WL 687003 (E.D. Pa. Nov. 20, 1995).  Joinder of the third-party defendants will not unnecessarily and unduly confuse a jury.  Rather, the claims in the main complaint and the third-party complaint are closely related and involve the same or similar evidence.  The same depositions will be taken in the case, the same medical documents will be subpoenaed, and the same witnesses will testify.  (See Doc. 38 at 3.)  Joinder will reduce the multiplicity of litigation by permitting all parties to litigate their claims efficiently and without prejudice to plaintiffs.  See Con-Tech Sales, 715 F. Supp. at 703-04 (E.D. Pa. 1989).  Accordingly, the court will deny the motions to dismiss on this ground.

**IV.**    **Conclusion**

For the reasons set forth above, third-party defendants' motions to dismiss the third-party complaint will be denied.  An appropriate order will issue.

   S/ Christopher C. Conner    
CHRISTOPHER C. CONNER
United States District Judge

Dated:        February 8, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES SCHLEGEL and** | : | **CIVIL ACTION NO. 1:05-CV-0660** |
| **KELLY SCHLEGEL,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WILSON-COOK MEDICAL, INC.,** | : | |
| | : | |
| **Defendant/Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A. DAVID FROEHLICH, M.D., et al.,** | : | |
| | : | |
| **Third-Party Defendants** | : | |

## ORDER

AND NOW, this 8th day of February, 2007, upon consideration of third-party defendants' motions to dismiss (Docs. 19, 22), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motions to dismiss the third-party complaint (Docs. 19, 22) are DENIED.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge